## Springer's Administrators *versus* Springer *et al.*

*Decree of Subrogation to be reviewed on Appeal and not by Writ of Error.—Parties to Proceedings for equitable Subrogation.*

1. A plaintiff in a judgment against several defendants, by one of whom it was paid, cannot interfere to prevent a decree of subrogation in favour of the party paying against another of the defendants for his proportion of the debt.

2. One of several sureties against whom judgment is obtained may, on payment, be subrogated to the judgment so as to obtain contribution: but where the record of the decree of subrogation does not show that the defendants were not all sureties, a writ of error to the decree will not lie, because it is founded on the allegation that there is error in the record.

3. Subrogation is an equitable remedy, and can be properly reviewed in higher courts only by appeal: and the proceedings therein should be in analogy to equity practice, as by petition and answer, and not on mere motion.

4. A writ of error is not an adequate form for the review of equitable remedies.

ERROR to the Common Pleas of *Fayette county.*

This writ was sued out by Jacob B. Miller, administrator of Zadock Springer, deceased, on the decree of the court below subrogating the executors of John Springer, deceased, to the rights of the plaintiff in a certain judgment held by him against John Springer, Jacob Springer, and Uriah Springer. After the death of John Springer, his executors, Henry Morris and Andrew Springer, paid this judgment, and obtained in the court below the decree of subrogation above mentioned for one-third of the amount, which was the error assigned.

*J. B. Miller,* for 'plaintiff in error, contended that by this decree a preference was given to the executors over other lien-creditors of Uriah Springer.

*Howell,* contrà.

The opinion of the court was delivered by

LOWRIE, C. J.—The executors of John Springer paid this judgment, it is said, and afterwards, by order of the court, obtained subrogation against Uriah Springer for one-third of it, and for this the plaintiff (so stands the record) brings this writ of error. But this is a matter in which this plaintiff has no concern. His claim is satisfied, and he has no right to interfere with any disposition which the court thinks proper to make of the judgment as between the defendants. If anybody could bring *error* on such an order it would be Uriah Springer, or his lien-creditors, for the order is against him, and he and they

[Springer's Administrators *v.* Springer *et al.*]

alone can be wronged by it. Doubtless it is intended for their benefit.

But a writ of error is always a suit between the very parties to the record, and is founded on the allegation that there is error in it, and we do not see error in this one; for where sureties are sued and judgment obtained, and one of them pays, he may be subrogated to the judgment so as to obtain contribution: 9 Watts 451; 2 Rawle 128; and this record does not show that these defendants were not all sureties.

No one can suppose that such an order as this can, in strict practice, be a subject of a writ of error, for that is a common law writ, and no such order was known in common law practice. Let any one study how to issue a writ of error in proper form, who are to be the parties, what is to be sent up as record, and what errors may be assigned as *in the record* in such a case, and he will see that this remedy is quite an inappropriate one.

True enough, it has been used very often; but this was manifestly by indulgence as to the *form* in favour of the *right* of review. Because the parties had a right to a review the court did not object to this form, when it could be used with effect, and when no other was suggested, nor would we now sacrifice the right to the form, or even stop to require a more perfect form, if we had the means of an effectual and complete review of this case in this form; for we would avoid, if possible, the correction of a common error in practice at the expense of suitors, and without warning. But this record does not show the facts that are necessary for the complainant's case. The parties have not even taken care to have the case in a condition to be heard by appeal.

It was natural, in introducing the equity remedy of subrogation, to introduce with it the right of review.

But a writ of error cannot, without a change of its nature, become an adequate form of review of equitable remedies, because it brings up only what is properly *record*, in order to assign error in that, and never brings up the *evidence* except by bill of exceptions, which is a form not practised in equity.

It is by *appeal* that equity remedies are reviewed in a higher court, and that brings up the whole case, and not merely the record of it; and it is properly this form of review that is to be deemed as introduced along with the practice of subrogation. It does not bring up the principal case, so as to interfere with proceedings in it, but only the incidental claim and order of subrogation, and all that are properly parties to that, and all the evidence that belongs to it. The form of taking the appeal must, of course, be analogous to the practice in analogous cases.

And the party against whom subrogation is claimed has a right to demand that the proceeding shall be conducted in at

[Springer's Administrators *v.* Springer *et al.*]

least such substantial analogy to equity practice that the matter
may be in a condition for review. If, instead of a mere motion,
there had been a *petition* for subrogation, concisely stating the
facts on which the party founded his title to it, and an answer
admitting the facts, or evidence proving them, the matter would
have been in a condition for review. As it is, we do not see how
a review can be had here in this case, unless there be first a pe-
tition below to review and reverse the order, and an answer, or
evidence, or both, so as to bring the facts before this court.

                                        Writ of error quashed.